RECEIVED
2005 JUL 21 A 10: 05
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

JASON GRAY,
    Plaintiff,

v.

CAPITAL ONE,
    Defendant,

Civil Action No.: 2:05cv673:B

JURY TRIAL DEMANDED

## COMPLAINT

I.   NATURE OF THIS ACTION.

1. The Plaintiff brings this action to redress libel; defamation of character; violations of The Fair Credit Reporting Act, 15 USCS § 1681s-2 (2005)[1]; and intentional infliction of emotional distress. Specifically, the named Plaintiff, Jason Gray, brings this action for compensatory and punitive relief and attorney's fees.

II.   JURISDICTION AND VENUE.

2. This Court has jurisdiction since Jason Gray is a resident of the City of Montgomery, which is located in the Middle District of Alabama and Capital One is located in Salt Lake City, Utah, and engages in financial business and contracts with businesses and individuals in the Middle District of Alabama.

---

[1] (a) Duty of furnishers of information to provide accurate information. (1) Prohibition. (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. 15 USCS § 1681s-2

3. This Court has jurisdiction of this matter as there is a violation The Fair Credit Reporting Act,15 USCS § 1681 (2005).

4. Venue is proper in that the Defendant conducts business in Montgomery, Alabama, and does business in the Middle District of Alabama.

III. PARTIES.

6. Plaintiff, Jason Gray, is an adult individual residing at 2110 Winona Avenue, Montgomery, Alabama 36107.

7. The Defendant, Capital One, is located in the State of Utah, address P.O. Box 30285, Salt Lake City, Utah 84130-0285.

VI. RELIEF SOUGHT

10. The relief necessary to remedy the claims of the Plaintiff includes compensatory damages, punitive damages, attorney's fees and expenses, and correction of inaccuracies to the Plaintiff's credit history.

VII. CLAIMS

### A. Claim One: <u>LIBEL AND DEFAMATION OF CHARACTER.</u>

51. That the Defendants made libelous reports to credit reporting companies alleging the Plaintiff was deficient in paying his Capitol One bill in a timely manner.
52. That the Defendant contracted with collection agencies to collect money from the Plaintiff, thus alleging false and derogatory information regarding the Plaintiff's credit history.
52. That the Plaintiff does not owe any payments, interest, or balance to Capitol One.
53. That the Defendants knowingly forwarded libelous false payment reports, made with "reckless disregard" for the truth, to credit reporting companies.
54. That the said reports are maliciously libelous due to the fact that the fraudulent reporting by the Defendants was with the intent to cause the Plaintiff harm and to injure the Plaintiff with a derogatory credit history.
55. That the Defendant's said reporting, did in fact, cause the Plaintiff's credit report to reflect derogatory information.

56. That the Defendant's said reporting, did in fact, cause the Plaintiff to suffer credit denial and or cause him to have substantially higher interest rates on loans.
57. That the Defendant's said reporting caused the Plaintiff to suffer embarrassment, harassing communications, mental anguish, monetary expense, credit denial and or higher interest rates, and inconvenience.

## B. Claim Two: Violation Of The Fair Debt Collections Practices Act.

51. That the Defendants made libelous reports to credit reporting companies alleging the Plaintiff was deficient in paying his Capitol One bill in a timely manner.
52. That the Defendant contracted with collection agencies to collect money from the Plaintiff, thus alleging false and derogatory information regarding the Plaintiff's credit history.
52. That the Plaintiff does not owe any payments, interest, or balance to Capitol One.
53. That the Defendants knowingly forwarded libelous false payment reports, made with "reckless disregard" for the truth, to credit reporting companies.
54. That the said reports are maliciously libelous due to the fact that the fraudulent reporting by the Defendants was with the intent to cause the Plaintiff harm and to injure the Plaintiff with a derogatory credit history.
55. That the Defendant's said reporting, did in fact, cause the Plaintiff's credit report to reflect derogatory information.
56. That the Defendant's said reporting, did in fact, cause the Plaintiff to suffer credit denial and or cause him to have higher interest rates on loans.
57. That the Defendant's said reporting caused the Plaintiff to suffer embarrassment, harassing communications, mental anguish, monetary expense, credit denial and or higher interest rates, and inconvenience.

## C. Claim Three: Intentional Infliction Of Emotional Distress.

51. That due to the Defendant's actions listed in Counts A and B above, the Defendant's said actions caused the Plaintiff to suffer tremendous Emotional Distress.
5. That such emotional distress has had a negative impact on the Plaintiff's marital relationship.
6. That such emotional distress has had a negative effect on the Plaintiff's ability to enjoy his usual social activities.
7. That such emotional distress has caused the Plaintiff's positive outlook on life to become tainted with despair and worry.

VI.   PRAYER FOR RELIEF.

51.   Wherefore, the Plaintiff requests the following relief:

   a.   Acceptance of Jurisdiction in this cause;
   b.   An order for Capital One and their collection agents and agencies to cease all collection activity in this matter;
   c.   An order for Capital One and all their collection agents and agencies to expunge all records of this matter;
   d.   An order for Capital One and their collection agents and agencies to repair the damage to the Plaintiff's credit history, caused by this matter;
   e.   An order for Capital One to amend the Plaintiff's credit history, regarding any and all transactions between the Plaintiff and the Defendant, to reflect a report of "Paid as Agreed" or some other like kind positive entry or entries;
   f.   An award of compensatory and punitive damages as appropriate relief to Jason Gray;
   g.   An award of litigation costs and expenses, including reasonable attorney's fees, to Thomas J. Azar, Jr LLC; and
   h.   Such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 21st day of July, 2005.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*/s/ Jason L. Gray*
JASON GRAY

OF COUNSEL:

*/s/ Thomas J. Azar, Jr.*
Thomas J. Azar, Jr.  (AZA006)
609 South McDonough Street
Montgomery, Alabama 36104
Phone (334) 263-5363
Fax     (334) 263-3988
Email  tjazar@al-lawyers.com